UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI C. HOHMAN *et al.*,

    Plaintiffs,

v.

MAURICE EADIE *et al.*,

    Defendants.

Case No. 16-cv-11429
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF #12)

In this action, Plaintiffs Jodi C. Hohman, Jhohman, LLC, Terry Miller, and You Got Busted By Me, LLC (collectively, "Plaintiffs") bring claims against two Internal Revenue Service ("IRS") employees and the United States (collectively, "Defendants") arising out of Defendants' allegedly improper issuance of "John Doe" summonses.

Plaintiffs filed their original Complaint against Defendants on April 20, 2016. (*See* ECF #1.) Defendants thereafter filed a motion to dismiss (the "Motion"). (*See* ECF #12). Plaintiffs filed a response to the Motion on July 18, 2016 (the "Response"). (*See* ECF #16.) Plaintiffs attached a proposed Amended Complaint to the Response. (*See* ECF #16-2.)

On August 9, 2016, the Court held a telephonic status conference with counsel to discuss how to proceed in light of the proposed Amended Complaint. At the conclusion of the conference, the Court determined that, in the interest of efficiency, the Court would deem Plaintiffs' proposed Amended Complaint as having been filed and would treat the proposed Amended Complaint as the operative complaint in this action. The Court further concluded that it would treat the Motion as being directed against the Amended Complaint, and the Court permitted each party to file a supplemental brief with respect to the viability of the claims asserted in the Amended Complaint. (*See* Docket Minute Entry for August 9, 2016.)

The claims in the Amended Complaint are as follows: Count One alleges that Defendants violated the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq*. (the "RFPA"); Count Two alleges that Defendants violated the Privacy Act, 5 U.S.C. § 552a; Count Three seeks declaratory and injunctive relief against the United States and asserts a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged violations of Plaintiffs' constitutional and statutory rights; Count Four alleges that Defendants made unauthorized disclosures of return

information in violation of 26 U.S.C. § 6103; and Count Five seeks a writ of mandamus.[1] (*See* Amended Complaint, ECF #16-2.)

The Court held a hearing on the Motion on November 3, 2016. For the reasons explained on the record at the hearing, the Motion is **GRANTED IN PART** and **DENIED IN PART.** Specifically, the Motion is **DENIED** as to the RFPA claim in Count One of the Amended Complaint. The Motion is **GRANTED** as to Counts Two, Three, Four, and Five of the Amended Complaint, and the claims in those Counts are **DISMISSED**. In addition, the Amended Complaint is **DISMISSED AS TO THE INDIVIDUAL DEFENDANTS**, and the sole remaining Defendant is the United States of America.

During the hearing, the Court explained its reasons for denying the Motion as to the RFPA claim in Count One of the Amended Complaint. The Court adheres to and re-affirms that reasoning and wishes to briefly supplement it as follows. In the Motion, the Defendants argued that Plaintiffs' RFPA claim fails as a matter of law because the RFPA does not apply to the service of John Doe

---

[1] The Amended Complaint contains two separate claims that are labeled "Count Five." The first "Count Five" pleaded in the Amended Complaint is Plaintiffs' demand for a writ of mandamus. (*See* ECF #16-2 at 35-36, Pg. ID 216-17.) As stated below, the Court dismisses this first "Count Five" that seeks a writ of mandamus. The second "Count Five" pleaded in the Amended Complaint seeks certification of a class action. (*See* ECF #16-2 at 38-41, Pg.ID 219-23.) As the Court stated on the record, it will not resolve the issue of class certification at this stage in the proceedings. Instead, Plaintiffs may file a separate motion seeking class certification.

summonses. (*See* ECF #12 at 18-24, Pg. ID 81-87.) Defendants rested this argument primarily upon the following language from the RFPA: "Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." 12 U.S.C. § 3413(c). According to Defendants, since Title 26 of the United States Code authorizes the service of John Doe summonses, *see* 26 U.S.C. § 7609(f), their service of such summonses in this case was "in accordance with procedures authorized by Title 26," and, thus, exempt from the RFPA. Defendants insist that they acted "in accordance with the procedures authorized by Title 26" even though they failed to obtain judicial approval before serving the summonses, as specifically required by that Title. *See* 26 U.S.C. § 7609(f).

Defendants' argument that they acted "in accordance with procedures authorized by Title 26" even though they materially violated Title 26 is inconsistent with the plain meaning of the phrase "in accordance with." In a wide variety of contexts, federal courts have observed that a party acts "in accordance with" a law or rule when the party *follows* and/or *complies with* the law or rule.[2]

---

[2] *See, e.g., City of Cleveland v. Ohio*, 508 F.3d 827, 838 (6th Cir. 2007) (explaining that a federal agency action is "not in accordance with the law" when the action "is in conflict with the language of the statute relied upon by the agency"); *In Re Connors*, 497 F.3d 314, 319 (3d Cir. 2007) ("Thus, when the statute refers to 'a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law,' it clearly refers to a foreclosure sale that *complies* with state-law procedures") (emphasis added); *Erlich v. United States*, 104 Fed. Cl. 12, 16 (Ct.

Notably, the government has taken that very same position. In *Erlich v. United States*, 104 Fed. Cl. 12 (Ct. Cl. 2012), "the government argue[d] that under normal usage the phrase 'in accordance with'" was close "in meaning to 'in harmony with,'" and the government directed the court to a dictionary that defined the term "accordance" as "agreement, conformity...." *Erlich*, 104 Fed. Cl. at 16.

The case law referenced above and the government's prior interpretation of "in accordance with" support the Court's conclusion – explained on the record – that the Defendants' alleged service of the John Doe summonses without prior judicial approval was not "in accordance with" Title 26 because it was fundamentally inconsistent with that Title. And because the alleged service of the summonses was not "in accordance with procedures authorized by Title 26," that service is not exempt from the RFPA.

Moreover, service of a John Doe summons *without* prior judicial approval is plainly not a "procedure authorized by Title 26," and thus Defendants' alleged service of such summonses does not fit within the RFPA's exception for "authorized" tax collection procedures. *See Neece v. I.R.S.*, 922 F.2d 573, 577-78 (10th Cir. 1990) (holding that RFPA applied to an informal request for bank

---

Cl. 2012) ("Here, the Court has been given no reason to believe that in Section 317(b)(4) [of the Social Security Amendments of 1977] Congress used the phrase 'in accordance with' to mean anything other than the usual 'in agreement with' or 'in conformity with.'"); *First Graphics, Inc v. M.E.P. CAD, Inc.*, 2001 WL 755138, at *6 (N.D. Ill. June 29, 2001) (equating the term "comply" with "to act in accordance with standards or requirements").

5

records by IRS because an informal request was not a "procedure authorized by Title 26").

In their briefing, Defendants argued that their service of the John Doe summonses fell within a second exception to the RFPA found in 12 U.S.C. § 3413(k)(2). That exception provides:

> (2) Nothing in this chapter shall apply to the disclosure by the financial institution of information contained in the financial records of any customer to any Government authority that certifies, disburses, or collects payments, where the disclosure of such information is necessary to, and such information is used solely for the purpose of-- (A) verification of the identity of any person or proper routing and delivery of funds in connection with the issuance of a Federal payment or collection of funds by a Government authority; or (B) the investigation or recovery of an improper Federal payment or collection of funds or an improperly negotiated Treasury check.

12 U.S.C. § 3413(k)(2). While it is theoretically possible that this exception could apply to Defendants' conduct, the Court cannot reach that conclusion now. The exception applies only to disclosures made for specifically-identified purposes and under certain specified circumstances, and there is no basis on the record before the Court to determine that the Defendants obtained Plaintiffs' financial information for one of those purposes or under those circumstances. The Court rejects Defendants' argument that the exception applies to *any* "'disclosure' of 'financial records' to a 'Government Authority that … collects payments' – a category into which the IRS certainly fits – 'for the purpose of … collection of

6

funds[.]'" (*See* ECF #12 at 22-23, Pg. ID 85-86.) The exception is not that broad. If discovery reveals that Defendants obtained Plaintiffs' records for a purpose set forth in this exception and under circumstances that otherwise satisfy the exception, Defendants may seek summary judgment on the basis of the exception.

One last point. In their briefing and at the hearing, the Defendants argued that the RFPA cannot sensibly be applied to service of a summons by the IRS because the standards governing the service of summonses under Title 26 differ from, and are inconsistent with, the standards for obtaining records under the RFPA. (*See* ECF #12 at 19-20, Pg. ID 82-83.) But Congress took great care in the RFPA to ensure that tax collectors would *not* be subjected to standards that were inconsistent with those under Title 26. As noted above, Congress provided that so long as tax collectors act "in accordance with procedures authorized by Title 26," they are exempt from (and need not worry about) the RFPA. Thus, if tax collectors comply with Title 26, they face no risk of being subjected to inconsistent standards under the RFPA; it is only when they fail to follow Title 26 that they may run afoul of the RFPA.

For all of the reasons stated on the record and the additional reasons set forth above, the Court declines to dismiss Plaintiffs' RFPA claim against the United States and dismisses all of the other counts of the Amended Complaint.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 7, 2016, by electronic means and/or ordinary mail.

s/Karri Sandusky (in the absence of Holly A. Monda)  
Case Manager  
(313) 234-5241