UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JODI C. HOHMAN, *et al.*, | ) |
| | ) Case No. 2:16-cv-11429-MFL-RSW |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT UNITED STATES OF AMERICA'S MOTION
## TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

The defendant United States of America[1] moves, pursuant to Fed. R. Civ. P.

12(b)(1), (g)(2), and (h)(3), to dismiss the one remaining count in this case, which

seeks damages under the Right to Financial Privacy Act (RFPA), 12 U.S.C. § 3401

*et seq.*, for lack of subject-matter jurisdiction.

Plaintiffs' Amended Complaint fails to allege that the United States obtained

records of a financial account that was held in the name of a "customer" as that

term is defined in the RFPA. As a result, plaintiffs do not allege the necessary

elements of standing under the RFPA and this action must be dismissed for lack of

subject-matter jurisdiction. *See* 12 U.S.C. §§ 3401(4) & (5), 3417(a).

_____

[1] All other defendants have been dismissed as parties to this case. Doc. No. 27. The
case caption should be amended accordingly.

The grounds for this motion are more fully explained in the Brief in Support filed herewith.

WHEREFORE, the defendant United States of America requests that this case be dismissed.

Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
U.S. Department of Justice,
Tax Division

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6064/Fax: (202) 514-5238
Edward.J.Murphy@usdoj.gov

# TABLE OF CONTENTS

I.      Concise Statement of the Issue Presented                                      1

II.     Controlling or Most Appropriate Authority for Relief Sought                    1

III.    Background                                                                     2

        A. Procedural History                                                          2

        B. Factual Allegations in the Amended Complaint Relevant to the
           RFPA Claim and Subject-Matter Jurisdiction                                  4

        C. Plaintiffs' Refusal to Identify the Name on the Account That
           "Belongs to the Miller Plaintiffs"                                          6

IV.     Argument                                                                       8

        A.    This Action Based Solely on the RFPA Must Be Dismissed for
              Lack of Subject-Matter Jurisdiction If the Complaint Does Not
              Establish Standing Under That Statute                                    9

        B.    To Establish Standing Under the RFPA, a Pleading Must Allege
              That the United States Obtained Financial Information for an
              Account Maintained in the Name of a "Customer"                          13

        C.    The Amended Complaint Fails to Establish Standing Because
              It Does Not Allege That the United States Obtained the
              Financial Information for an Account Maintained in the Name
              of a "Customer"                                                         19

              1. The First Account Listed on the September 25, 2015 Summons
                 Is an LLC Account That Is Ineligible for RFPA Relief                 19

              2. The Second Account Listed on the September 25, 2015
                 Summons Is Not Adequately Identified as a "Customer"
                 Account and Therefore Cannot Support an RFPA Claim                   19

              3. The Third Account Listed on the September 30, 2015 Summons
                 Is Not an Account for Which the Government Obtained Any
                 Records and Thus It Cannot Establish RFPA Standing                   24

V.      Conclusion                                                                    25

## TABLE OF AUTHORITIES

### Cases

*Allen v. Wright*, 468 U.S. 737 (1984)     10

*Bailey v. U.S. Enrichment Corp.*, 530 F. App'x 471 (6th Cir. 2013)     4 n.2

*Beam v. Mukasey*, No. 07 C 1227, 2008 WL 4614324
(N.D. Ill. Oct. 15, 2008)     2, 11

*Binno v. Am. Bar Assoc.*, 826 F.3d 338 (6th Cir. 2016)     10

*Brackfield & Assocs. P'Ship v. Branch Banking & Trust Co.*,
645 F. App'x 428 (6th Cir. 2016)     *passim*

*Chao v. Community Trust Co.*, 474 F.3d 75 (3d Cir. 2007)     16

*Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467
(N.D. Ill. 1990)     16

*Courtney v. Smith*, 297 F.3d 455 (6th Cir. 2002)     1, 9

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999)     9, 10, 20

*Donovan v. Nat'l Bank of Alaska*, 696 F.2d 678 (9th Cir. 1983)     16

*Exchange Point LLC v. SEC*, 100 F. Supp. 2d 172 (S.D.N.Y. 1999)     2, 16-17, 19

*FAA v. Cooper*, 132 S. Ct. 1441 (2012)     15

*Flatt v. SEC*, No. 10-60073-MC, 2010 WL 1524328 (S.D. Fla. Apr. 14, 2010)     17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000)     9

*Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955 (6th Cir. 2009)     13

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990)     10

*Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152 (6th Cir. 2010)     24

*Giannone v. Bank of America*, 812 F. Supp. 2d 216 (E.D.N.Y. 2011)     15-16, 18

*Goldman v. Brannon*, No. 5:11-CT-3051–FL, 2013 WL 5217771
(E.D.N.C. Sept. 17, 2013)     15

*Gualandi v. Adams*, 385 F.3d 236 (2d Cir. 2004)     24

*Greenlee County, Ariz. v. United States*, 487 F.3d 871 (Fed. Cir. 2005)     4 n.2

*Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015)     11-12

*In re Porras*, 191 B.R. 357 (Bankr. W.D. Tex. 1995)     16, 17

*Inspector General v. Great Lakes Bancorp*, 825 F. Supp. 790
(E.D. Mich. 1993)     16

*KNC Inv., LLC v. Lane's End Stallions, Inc.*, 581 F. App'x 484
(6th Cir. 2014)     23

*Linay v. Samson & Sessions Co.*, 948 F.2d 1037 (6th Cir. 1991)     23

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973)     11

*Littriello v. United States*, 484 F.3d 372 (6th Cir. 2007)     21 n.6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)     10, 13

*Markva v. Haveman*, 168 F. Supp. 2d 695 (E.D. Mich. 2001)     2, 12

*Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668 (6th Cir. 2013)     2, 12

*Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355 (1994)     11

*Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir. 2004)     4 n.2

*Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410
(6th Cir. 2015)     11

*Philadelphia Marine Trade Assoc.-Int'l Longshoremen's Ass'n Pension
Fund v. Comm'r*, 523 F.3d 140 (3d Cir. 2008)     12

*Pittsburgh Nat'l Bank v. United States*, 771 F.2d 73 (3d Cir. 1985)     15

*Quiles-Gonzalez v. United States*, Civil No. 09-1401CCC,
2010 WL 1416005 (D.P.R. Mar. 31, 2010)     18

*Raines v. Byrd*, 521 U.S. 811 (1997)     10

*Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205
(5th Cir. 1994)     10

*SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735 (1984)                                    2, 14

*Spa Flying Serv. Inc. v. United States*, 724 F.2d 95 (8th Cir. 1984)                   15

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)                    23

*Stein v. Bank of America, Corp.*, 887 F. Supp. 2d 126 (D.D.C. 2012)                    11

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
552 F.3d 430 (6th Cir. 2008)                                                            22

*U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503 (6th Cir. 2009)                  23-24

*United States v. Theron*, 116 F.R.D. 58 (D. Kan. 1987)                                 18

*United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506 (1940)                           2, 12

*Warth v. Seldin*, 422 U.S. 490 (1975)                                                  1, 13, 21

## Statutes

12 U.S.C. § 3401 *et seq.*                                                              1

12 U.S.C. § 3401(4)                                                         1, 2, 15, 21 n.6

12 U.S.C. § 3401(5)                                                     1, 2, 15, 18, 21 n.6

12 U.S.C. § 3417(a)                                                          1, 2, 6, 14, 15

## Other Authorities

26 C.F.R. § 301.7701-3                                                                  21 n.6

Fed. R. Civ. P. 12(b)(1)                                                                1, 12

Fed. R. Civ. P. 12(g)(2)                                                                1, 22

Fed. R. Civ. P. 12(h)(3)                                                                1, 22

Fed. R. Civ. P. 26(d)(2)(B)                                                             8

Fed. R. Civ. P. 34(b)(2)(A)                                                             8

## BRIEF IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

### I.       Concise Statement of the Issue Presented

Whether the one count remaining in plaintiffs' Amended Complaint that has

yet to be dismissed, seeking damages under the Right to Financial Privacy Act

(RFPA), 12 U.S.C. § 3401 *et seq*., should be dismissed for lack of subject-matter

jurisdiction because the Amended Complaint does not allege that the United States

obtained the records of a financial account held in the name of a "customer" as that

term is defined in the RFPA. *See* 12 U.S.C. §§ 3401(4) & (5), 3417(a).

### II.      Controlling or Most Appropriate Authority for Relief Sought

Fed. R. Civ. P. 12(b)(1) controls dismissal for lack of subject-matter

jurisdiction. A party may file a second motion to dismiss under Rule 12 where the

ground for the second motion was not omitted from the first motion or where

subject-matter jurisdiction is lacking. Fed. R. Civ. P. 12(g)(2), (h)(3).

If plaintiffs fail to show that all requirements to establish constitutional

standing are met, a claim must be dismissed for lack of subject-matter jurisdiction.

*Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). A court can give plaintiffs an

opportunity to make a further showing, but if standing is still not apparent, then the

case must be dismissed. *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975).

Where, as here, plaintiffs' sole cause of action is under the RFPA, the

statutory standing and constitutional standing analyses merge. *See Brackfield &*

1

*Assocs. P'Ship v. Branch Banking & Trust Co*., 645 F. App'x 428, 430-32 (6th Cir. 2016); *Beam v. Mukasey*, No. 07 C 1227, 2008 WL 4614324 at *6 (N.D. Ill. Oct. 15, 2008). Standing to sue the United States also implicates sovereign immunity, which may be raised at any time, and plaintiffs' failure to plead facts to bring them within the applicable sovereign-immunity waiver compels dismissal on jurisdictional grounds. *United States v. U.S. Fid. & Guar. Co*., 309 U.S. 506, 513 (1940); *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013); *Markva v. Haveman*, 168 F. Supp. 2d 695, 708 (E.D. Mich. 2001).

To maintain a damages action under the RFPA, the plaintiff must be a "customer," as that term is narrowly defined in the statute. *See* 12 U.S.C. §§ 3401(4) & (5), 3417(a); *SEC v. Jerry T. O'Brien, Inc*., 467 U.S. 735, 745 (1984). An LLC is not a "customer." 12 U.S.C. §§ 3401(4) & (5); *Exchange Point LLC v. SEC*, 100 F. Supp. 2d 172, 173-76 (S.D.N.Y. 1999). If a complaint under the RFPA fails to allege that the United States obtained the account information of a customer, then plaintiffs lack standing and do not come within the statutory waiver of sovereign immunity. *Id*.; *Brackfield*, 645 F. App'x at 430-32.

## III.   Background

## A.   Procedural History

The four plaintiffs are Jodi C. Hohman, an individual; her company, Jhoman, LLC; Terry Miller, an individual; and his company, You Got Busted By

2

Me, LLC (YGBBM). Plaintiffs filed this action on April 20, 2016. Doc. No. 1. The Complaint originally included four counts seeking: (1) damages under the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401, *et seq*.; (2) damages under the Privacy Act, 5 U.S.C. § 552a; (3) damages, as well as injunctive and declaratory relief, against both individual IRS employees named as defendants and the United States for alleged constitutional violations; and, (4) damages for alleged unauthorized disclosure of tax return information under 26 U.S.C. § 7431. *Id*. The defendant United States of America moved to dismiss on June 24, 2016. Doc. No. 12. The two individual IRS employees whom plaintiffs had separately named as defendants joined the United States' motion to dismiss. Doc. Nos. 22, 23.

Plaintiffs filed a response to the motion to dismiss on July 18, 2016 (Doc. No. 16), and attached to that response a redlined version of a proposed amended complaint (Doc. No. 16-2, hereinafter "Amended Complaint"). The Amended Complaint added a fifth count seeking mandamus relief. *Id*. The United States' filed a reply brief in support of its motion to dismiss on August 4, 2016. Doc. No. 19. Following a telephone conference with the Court on August 9, 2016, the parties filed supplemental briefs addressing the Amended Complaint. Doc. Nos. 24, 26.

The Court ultimately dismissed four of the five counts of the Amended Complaint by oral ruling at a hearing on November 3, 2016, as further explained in a written order dated November 7, 2016. Doc. No. 27. The Court also dismissed

from this action the two IRS employees who had been named as defendants. *Id.*

The only remaining claim is for damages under the RFPA, and the only remaining

defendant is the United States of America.[2]

### B. Factual Allegations in the Amended Complaint Relevant to the RFPA Claim and Subject-Matter Jurisdiction

Plaintiffs seek damages under the RFPA based on two IRS summonses

served on Chase Bank on September 25 and 30, 2015.

The first summons of September 25, 2015, sought records for two accounts,

and it is undisputed that the government obtained the records for these accounts.

_____

[2] Despite the fact that there is only one count of the Amended Complaint that has not yet been dismissed, and the fact that the only version of the Amended Complaint on the Court's docket is a redlined document that was attached as an exhibit to plaintiffs' response to a motion, plaintiffs have refused to stipulate to the filing of a clean copy of the Amended Complaint that eliminates the now-dismissed counts and that makes the plaintiffs' intended redlined changes to the document. The United States maintains that plaintiffs should be required to file a clean copy of their Amended Complaint in order to clarify the docket in this case.

Additionally, we note that the Amended Complaint actually contains two "counts" labeled "COUNT FIVE" but the second is a request for class certification, which the Court observed at the hearing is "not really a count" and instead should be dealt with "in a motion." The request for class certification will be moot if the Court dismisses the RFPA claim for lack of subject-matter jurisdiction. *See Greenlee County, Ariz. v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2005) ("[W]e have repeatedly found on appeal that issues related to class certification were moot in light of our resolution against the plaintiff of a motion to dismiss or for summary judgment."); *see also Bailey v. U.S. Enrichment Corp.*, 530 F. App'x 471, 472 (6th Cir. 2013) ("The district court dismissed Plaintiffs' suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and dismissed Plaintiffs' motion for class certification as moot."); *Olden v. LaFarge Corp.*, 383 F.3d 495, 498 (6th Cir. 2004) ("subject matter jurisdiction is a prerequisite to class certification[.]").

The plaintiffs admit that the first of the two accounts was held in the name of Jhoman, LLC (Amended Complaint ¶ 55). As the United States pointed out in the motion to dismiss, an LLC lacks standing to pursue a claim under the RFPA. Doc. No. 12, brief at pp. 7-8 n.6. The Court did not address this point in deciding the first motion to dismiss. *See* Doc. No. 27. The United States will explain why an LLC lacks standing to pursue an RFPA damages claim in the Argument below.

Plaintiffs also vaguely allege that the second of the two accounts listed on the September 25, 2015 IRS summons "belongs to the Miller Plaintiffs" (¶ 59), with the "Miller Plaintiffs" defined to include both Mr. Miller and YGBBM (Amended Complaint, unnumbered opening paragraph). It is unclear from the text of the Amended Complaint whether the account was actually maintained in the name of Mr. Miller or YGBBM. *See* Amended Complaint. If the account was maintained in YGBBM's name, then the United States contends that the account is ineligible for RFPA relief for the same reason as the Jhoman, LLC account.

The second summons of September 30, 2015, sought records of a third account that plaintiffs allege was held in the name of plaintiff Jodi C. Hohman, an individual. Amended Complaint ¶ 56. But the IRS withdrew the summons before any records were obtained (*see* Doc. No. 12-6), and the Amended Complaint makes no allegation that the United States obtained records for this account. *See* Amended Complaint. In fact, the United States noted in the first motion to dismiss

that, "[t]he IRS never received any materials in response to the second summons."
Doc. No. 12, brief at p. 6. Plaintiffs have never disputed this statement.

### C.     Plaintiffs' Refusal to Identify the Name on the Account That "Belongs to the Miller Plaintiffs"

In preparing a response to the Amended Complaint, government counsel
noticed again that of the three bank accounts at issue, two are unambiguously not
eligible for RFPA relief: Jhoman, LLC's account and Ms. Hohman's account (the
latter because the summons was withdrawn before compliance). As explained
further below, the only ambiguity regarding whether relief might be available
under the RFPA at all stems from the ambiguity regarding in whether the second
account listed on the September 25, 2015 summons, which plaintiffs allege
"belongs to the Miller Plaintiffs," was actually maintained in Mr. Miller's name or
that of YGBBM, LLC. If, at the time of the summons, the account was in the name
of YGBBM, LLC, then it was not maintained in the name of a "customer" and thus
it is not eligible for relief under the RFPA. *See* 12 U.S.C. § 3417(a).

Undersigned counsel reached out to plaintiffs' counsel via email for
clarification regarding whether this "Miller Plaintiffs" account was maintained in
the name of YGBBM or Mr. Miller, making clear that the United States considers
this to be a jurisdictional fact that must be established by plaintiffs before this case
can proceed. But with plaintiffs' counsel having not responded to this request for
clarification, and with the filing deadline of January 3, 2017, at hand, the United

6

States filed a motion for a two-week extension of time in order to determine the identity of the account holder and thus whether the United States had grounds for a motion to dismiss the RFPA claim for lack of subject-matter jurisdiction. Doc. No. 29. The Court granted the two-week extension by text order on January 5, 2017.[3]

Also on January 5, 2017, plaintiffs' counsel emailed undersigned counsel, refusing to identify the account holder.[4] Instead, plaintiffs' counsel demanded that undersigned counsel participate in a Rule 26(f) conference. In this regard, we note that plaintiffs served the United States with 107 document requests on May 31, 2016, more than three weeks before the United States' deadline to respond to the original Complaint in this action. Exhibit 1 (Document Requests). Those 107 document requests—an abusive number on its face—sought an enormous amount of irrelevant and privileged material that would almost certainly entangle the parties and this Court in discovery disputes.

---

[3] In keeping with an agreement with the plaintiffs, the IRS never reviewed the records that it had obtained pursuant to the summons of September 25, 2015. The records relating to Jhoman, LLC's account were returned to Jhoman, LLC's counsel at a meeting on January 4, 2016. The records relating to the second account, which plaintiffs allege "belongs to the Miller Plaintiffs," were destroyed by the IRS immediately after that meeting. Ironically, it is because the IRS honored its agreement with plaintiffs, and did not examine the account records, that the IRS is uncertain in whose name that second account was maintained. That is why it was necessary to ask plaintiffs' counsel to identify the account holder.

[4] This email was attached to the January 11, 2016 letter sent to the chambers. A copy of that letter, with the attached email, is one of this exhibits to this motion.

Plaintiffs' counsel has also repeatedly since last summer demanded a Rule 26(f) conference, which would start the running of the United States' time to respond to the document requests, despite the pendency of the motions to dismiss and the fact that the United States has not yet so much as filed an Answer. *See* Fed. R. Civ. P. 26(d)(2)(B), 34(b)(2)(A). The United States has repeatedly told plaintiffs that we will not commence discovery unless and until the motions to dismiss are denied, jurisdiction is established, and the pleadings are complete.

In response to the January 5, 2017 letter from plaintiffs' counsel, undersigned counsel sent a formal letter to plaintiffs' counsel on January 6, 2017, again asking for the identity of the account holder, and again explaining that it would be premature to convene a Rule 26(f) conference. Exhibit 2.  On January 11, 2017, plaintiffs' counsel, still refusing to identify the account holder, sent a letter to the Court's Case Manager, asking for a status conference to be scheduled (and attaching the parties' email correspondence). Exhibit 3. A status conference has been scheduled for January 18, 2017, at 1:30 p.m. Plaintiffs have still not identified the account holder as of this filing.

## IV.    Argument

The sole remaining claim in the Amended Complaint, seeking damages under the RFPA, should be dismissed for lack of subject-matter jurisdiction due to plaintiffs' failure to allege all of the necessary elements of standing. The Amended

8

Complaint does not establish plaintiffs' standing to pursue the RFPA claim because it does not allege, for any of the three bank accounts at issue, that the United States actually obtained records of an account that was maintained in the name of a "customer" as that term is defined in the statute. As noted above, one of account was held in the name of an LLC, another account was held in the name of an individual but the summons for that account was withdrawn before any records were sent, and for the third account plaintiffs have refused to clarify their pleading to make the necessary allegation that the account was in the name of an individual.

### A.    This Action Based Solely on the RFPA Must Be Dismissed for Lack of Subject-Matter Jurisdiction If The Complaint Does Not Establish of Standing Under That Statute

On a motion to dismiss for lack of standing, "the plaintiff, as the party invoking federal subject matter jurisdiction, has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit have been met." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). The plaintiff who "bears the burden of demonstrating standing" also "must plead its components with specificity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). Further, the "plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

The Supreme Court has "always insisted on strict compliance with this

9

jurisdictional standing requirement." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Because "Article III standing implicates the federal judiciary's power to adjudicate

disputes," the elements of standing "can be neither waived nor assumed." *Rohm &*

*Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc*., 32 F.3d 205, 207 (5th Cir. 1994)

(footnote omitted). Indeed, "federal courts are under an independent obligation to

examine their own jurisdiction, and standing 'is perhaps the most important of [the

jurisdictional] doctrines.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231

(1990) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984))); *see also Coyne*, 183

F.3d at 494 ("Standing is the threshold question in every federal case." (quotation

omitted)). "If a party does not have standing to bring an action, then the court has

no authority to hear the matter and must dismiss the case." *Binno v. Am. Bar*

*Assoc.*, 826 F.3d 338, 344 (6th Cir. 2016).

It is well established that Article III standing has three elements, the first of

which is that "plaintiffs must have suffered an injury in fact," defined as "an

invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560 (1992). A plaintiff's injury in fact "must be supported in the same way as

any other matter on which the plaintiff bears the burden of proof" because the

elements of standing "are not mere pleading requirements but rather an

indispensable part of the plaintiff's case." *Id*. at 561.

Where, as here, plaintiffs' sole cause of action is under the RFPA, the issues

10

of statutory standing and constitutional standing merge because, "Plaintiffs have alleged a violation of a legally-protected interest only if they have alleged a violation of the RFPA." *Beam v. Mukasey*, No. 07 C 1227, 2008 WL 4614324 at *6 (N.D. Ill. Oct. 15, 2008); *see also Stein v. Bank of America, Corp.*, 887 F. Supp. 2d 126, 130 (D.D.C. 2012) (dismissing for lack of constitutional standing and noting that, "as the parties concede that the plaintiffs' complaint is limited solely to statutory violations of the RFPA, the Court need only assess whether the plaintiffs have adequately pleaded an injury under the RFPA" (internal citation omitted)).

While it is generally true that, "whether a federal statute creates a claim for relief is not jurisdictional," *Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 365 (1994), and that, "a lack of statutory standing does not implicate subject-matter jurisdiction," *Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410, 415 n.4 (6th Cir. 2015), the instant case is not governed by these general rules. Rather, it has long been recognized that, "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973). ""[O]nce a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights.'" *Brackfield*, 645 F. App'x at 430-31 (quoting *Imhoff*

11

*Inv., L.L.C. v. Alfoccino, Inc*., 792 F.3d 627, 633 (6th Cir. 2015)). The converse is also true. That is, a litigant who files an action solely based on the alleged violation of statutory rights will lack constitutional standing to sue if that litigant fails to establish the invasion of a legally protected interest under the statute. A motion attacking standing on this basis is thus properly considered a challenge to subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Further, where the standing question implicates a right to sue the United States, as here, the issue is also one of sovereign immunity, and all ambiguities in the statute conferring standing to sue the United States must be resolved against immunity. *See Philadelphia Marine Trade Assoc.-Int'l Longshoremen's Ass'n Pension Fd. v. Comm'r*, 523 F.3d 140, 145 (3d Cir. 2008) (affirming dismissal for lack of statutory standing because courts "are required to construe ambiguities in favor of sovereign immunity"). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction[.]" *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). The United States can raise the issue of sovereign immunity at any time in a case, including even for the first time on appeal. *Markva v. Haveman*, 168 F. Supp. 2d 695, 708 (E.D. Mich. 2001). Sovereign immunity cannot be waived by a government official when there is no applicable statutory waiver. *United States v. U.S. Fid. & Guar. Co*., 309 U.S. 506, 513 (1940).

When standing is contested in a motion to dismiss, "it is within the trial

12

court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). "If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Id.* at 501-02; *see also Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 966 (6th Cir. 2009) (affirming dismissal for lack of standing where "the district court faithfully complied with the process outlined in *Warth*" by giving opportunity to bolster standing allegations prior to dismissing).

### B.   To  Establish Standing Under the RFPA, a Pleading Must Allege That the United States Obtained Financial Information for an Account Maintained in the Name of a "Customer"

"[T]he analysis of whether the plaintiffs have standing to bring a statutory claim necessarily requires a determination of whether the plaintiffs were injured under the relevant statute." *Brackfield*, 645 F. App'x at 431 (quotation omitted). The relevant statute here is the RFPA, and the Amended Complaint fails to establish standing to sue under that statute because it does not specifically and persuasively demonstrate "an injury in fact" based on "an invasion of a legally protected interest" under the RFPA. *Lujan*, 504 U.S. at 560. Rather, the Amended Complaint fails to allege that the United States obtained the records of a financial account maintained in the name of a "customer" as that term is defined in the

13

statutory text. Since this is a prerequisite to establishing the right to any relief under the statute, plaintiffs do not have standing to pursue the RFPA claim and their suit must be dismissed for lack of subject-matter jurisdiction.[5]

The Supreme Court has observed that, "[t]he most salient feature of the [RFPA] is the narrow scope of the entitlements it creates. Thus, it carefully limits the kinds of customers to whom it applies[.]" *SEC v. Jerry T. O'Brien, Inc*., 467 U.S. 735, 745 (1984). The RFPA's narrow scope is a product of its text, which states, in pertinent part, that, "[a]ny agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is *liable to the customer to whom such records relate*. . . ." 12 U.S.C. 3417(a) (emphasis added). Therefore, a cause of action against the United States for liability under the RFPA can only be maintained by a "customer" as that term is defined in the statute. *See Brackfield*, 645 F. App'x at 430 (RFPA "grants a private right of action to *customers* of financial institutions whose financial records or information is obtained or disclosed in violation of the act") (emphasis added); *Goldman v. Brannon*, No.

_____

[5] The injury-in-fact element of standing is also lacking for the separate reason that plaintiffs have not alleged any concrete and particularized harm from the government's having allegedly obtained their bank account information in a procedurally improper manner. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (noting that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").

14

5:11-CT-3051-FL, 2013 WL 5217771 at *5 (E.D.N.C. Sept. 17, 2013) ("[T]he Financial Privacy Acts only afford remedies to the *customer* to whom the financial records relate." (emphasis added)).

Moreover, § 3417(a) is the relevant statutory waiver of sovereign immunity and is limited by its express terms to "customers." As a statutory waiver of sovereign immunity,§ 3417(a) must be strictly construed with any ambiguities resolved against jurisdiction. *See FAA v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (narrowly construing scope of similar sovereign-immunity waiver in Privacy Act).

The definitions section of the RFPA carefully limits a "customer" to mean "any *person* or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an *account maintained in the person's name*[.]" 12 U.S.C. § 3401(5) (emphasis added). The statute defines a "person" as "an individual or a partnership of five or fewer individuals[.]" 12 U.S.C. § 3401(4).

Consistent with these definitions, courts have repeatedly held that any claimant that is not "an individual or a partnership of five or fewer individuals" is not a "customer" and therefore is ineligible for relief under the RFPA. For example, corporations are not eligible for relief under the RFPA. *Pittsburgh Nat'l Bank v. United States*, 771 F.2d 73 (3d Cir. 1985); *Spa Flying Serv. Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984) (per curiam); *Giannone v. Bank of America*,

15

812 F. Supp. 2d 216, 224 n.7 (E.D.N.Y. 2011). Nor are corporations that claim to be small partnerships eligible for relief. *Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1476-77 (N.D. Ill. 1990). Nor are employee benefit plans. *Chao v. Community Trust Co.*, 474 F.3d 75, 81-83 (3d Cir. 2007); *Donovan v. Nat'l Bank of Alaska*, 696 F.2d 678, 683 (9th Cir. 1983). Nor are trusts. *In re Porras*, 191 B.R. 357, 359 (Bankr. W.D. Tex. 1995). Nor are small partnerships where at least one of the partners is not an individual. *Inspector General v. Great Lakes Bancorp*, 825 F. Supp. 790, 794 (E.D. Mich. 1993).

More importantly for the instant case, the RFPA does not apply to the bank records of limited liability companies (LLCs) because an LLC is not a "customer" either. In *Exchange Point LLC v. SEC*, 100 F. Supp. 2d 172 (S.D.N.Y. 1999), the court reached this result for two reasons. First, the court reasoned that, "the plain meaning of the statute simply cannot countenance the inclusion of a limited liability company in the term 'individual or partnership of five or fewer individuals.'" *Id*. at 176. Second, the court observed that the exclusion of LLC accounts from the protections of the RFPA made logical sense because of "a key difference between an LLC and all of the entities that have been held to be persons under the RFPA: an LLC need not have any member or manager that is liable for the debts of the company, even in the case of a wholly owned LLC with only one member-manager." *Id*. at 175. Thus, the single-member LLC at issue in *Exchange*

16

*Point* was "much more similar to a wholly owned corporation with one shareholder than a partnership or sole proprietorship." *Id*.

Taking these two reasons together, the *Exchange Point* opinion concludes that:

> Congress could have provided standing for LLC's of less than five members, or for ordinary corporations of five or fewer shareholders, but it chose not to by creating a very limited definition of "person" under the RFPA. The RFPA's protections are fully available to individuals and individuals who form small partnerships. If they so desire, individuals may choose instead to form an LLC with no member or manager fully liable for the company's debts. One price, however, of this greater separation between the business entity and its principals is that the entity will become less closely identified with the individuals who control it, and thus accorded a weaker privacy interest under the RFPA.

100 F. Supp. 2d at 176; *see also Flatt v. SEC*, No. 10-60073-MC, 2010 WL 1524328 at *3 (S.D. Fla. Apr. 14, 2010) ("courts strictly construe the definition of 'customer' under the Act" and an LLC "does not meet the definition of either an individual or a partnership under the RFPA and therefore is not a 'customer'").

A plaintiff that fails to fit within the RFPA's "customer" definition "lacks the standing to invoke any of the protections of RFPA[.]" *Porras*, 191 B.R. at 359; *see also Exchange Point*, 100 F. Supp. 2d at 174 ("Movant, as a limited liability company, is not a person as defined by the RFPA and does not have standing[.]").

Even if a plaintiff would otherwise qualify as a "customer," that plaintiff still lacks standing to pursue an RFPA damages claim if the government did not

17

actually obtain plaintiff's financial information. *See Brackfield*, 645 F. App'x at 432 (affirming dismissal for lack of standing where "speculative pleading falls short of alleging BB & T actually provided any Government authority with access to Brackfield's financial information in violation of the RFPA"); *Goldman*, 2013 WL 5217771 at *5 (dismissing RFPA claim where "Plaintiff does not allege that his financial records were disclosed"); *Quiles-Gonzalez v. United States*, Civil No. 09-1401CCC, 2010 WL 1416005 at *3 (D.P.R. Mar. 31, 2010) (plaintiffs "lack standing under the RFPA" because government "did not obtain" their information).

A litigant cannot circumvent these limitations on standing by filing an RFPA claim based on the disclosure or obtaining of bank account information where the account is maintained in someone else's name. *See* 12 U.S.C. § 3401(5) (limiting definition of a "customer" to mean a "person" with "an account maintained in the person's name"); *United States v. Theron*, 116 F.R.D. 58, 62 (D. Kan. 1987) ("[A party] does not have standing to challenge the disclosure of the records of the other defendants/customers. The [RFPA] obviously was intended for the benefit of the particular customer, not for a third party who does not want the information to be revealed."). This is true even if the plaintiff is the sole owner of a corporation with a corporate account. *See Giannone*, 812 F. Supp. 2d at 224 n.7 (noting that a plaintiff's argument to the contrary was "without merit"). A single-member LLC is hardly different in substance than a corporation with a single 100% shareholder.

18

The holding in *Exchange Point* that a single-member LLC is ineligible for relief under the RFPA when suing in its own name thus also must mean that the member cannot sue on behalf of the LLC and thereby establish standing either.

> **C.      The Amended Complaint Fails to Establish Standing Because It Does Not Allege That the United States Obtained the Financial Information for an Account Maintained in the Name of a "Customer"**

Based on the foregoing legal authorities, plaintiffs have failed to establish their standing to pursue a claim for damages under the RFPA. The two IRS summonses in this case sought information about three accounts, none of which can support a claim under the RFPA. Therefore, this action must be dismissed for lack of subject-matter jurisdiction.

> **1.      The First Account Listed on the September 25, 2015 Summons Is an LLC Account That Is Ineligible for RFPA Relief**

The first summons, dated September 25, 2015, sought information regarding two accounts. The first of those two accounts was maintained in the name of Jhoman, LLC (Amended Complaint ¶ 55). Thus, that first account cannot be the subject of a valid RFPA claim because Jhoman, LLC, is not a "customer" within the RFPA's definition and relief under the statute is only available to "customers."

> **2.      The Second Account Listed on the September 25, 2015 Summons Has Not Been Adequately Identified as a "Customer" Account and Therefore Cannot Support an RFPA Claim**

With regard to the second account listed on the September 25, 2015

19

summons, plaintiffs vaguely allege that it "belongs to the Miller Plaintiffs" (Amended Complaint ¶ 59), with the "Miller Plaintiffs" defined to include both the individual plaintiff Terry Miller and the entity plaintiff You Got Busted By Me, LLC (YGBBM) (Amended Complaint, unnumbered opening paragraph). This allegation fails to establish that the account was maintained in the name of a "customer" under the definition in the RFPA. To the extent that the account was maintained in the name of YGBBM—an LLC—then the obtaining or disclosure of account information cannot possibly constitute a violation of the RFPA.

Plaintiffs have not specifically pled whether the second account identified in the September 25, 2015 summons was held in the name of YGBBM or Mr. Miller, and thus they have failed to plead the components of an RFPA claim with the requisite specificity to establish standing, *i.e.*, they have not specifically alleged that the United States obtained records of a "customer" account. *See Coyne*, 183 F.3d at 494. Undersigned counsel has asked plaintiffs' counsel in which party's name this account was maintained and requested documentary proof if plaintiffs claim that the account was maintained in the name of Mr. Miller and not YGBBM. Plaintiffs' counsel has refused to provide this information.[6]

_____

[6] If plaintiffs had intended to claim that the account was held in the name of the individual, and not the LLC, then presumably plaintiffs would have asserted as much in prior briefing related to this issue, responding to the government's having

(continued...)

20

By refusing the opportunity to cure the deficiency in their pleading (the curing of which the United States would have acknowledged in the Answer if individual ownership of the account had been proved, *see* Doc. No. 29), plaintiffs have waived the right to further amend their complaint to include necessary factual information. *See Warth*, 422 U.S. 501-02. At this stage, their only means to avoid dismissal is to argue that the Amended Complaint is legally sufficient as written, and that argument cannot prevail for the reasons already explained. This result is fair in light of the fact that plaintiffs have already amended their complaint one time since the United States brought this issue of LLC standing to light in the first motion to dismiss, yet plaintiffs' first amendment did not address the problem. Now, with the United States bringing the issue to plaintiffs' attention again, they

───────────────

(…continued)

previously raised the issue (which the Court has not decided).  But they did not do so. *See* Doc. No. 16, brief at 3 n.2. Instead, they argued that because the IRS "generally consider[s] single member LLCs to be partnerships and/or disregarded entities for tax purposes," this should somehow confer the LLC plaintiffs with standing to sue the United States under the RFPA. *See id*. Plaintiffs appear to be referring to 26 C.F.R. § 301.7701-3, which allows an LLC (among other entities) to "elect its classification for federal tax purposes" and, if no election is made, treats a single-member LLC as disregarded for income tax purposes. *See Littriello v. United States*, 484 F.3d 372 (6th Cir. 2007). This regulation concerning classification of entities for tax purposes has nothing to do with whether an entity has standing to sue under the RFPA, a non-tax statute that is codified outside the Internal Revenue Code. It also goes without saying that a Treasury Regulation cannot displace the statutory definitions in 12 U.S.C. § 3401(4) & (5), or waive sovereign immunity where Congress has not done so.

21

have refused to address it. Where "Plaintiffs never requested leave for additional amendments," the Sixth Circuit has found that, "it is not the district court's role to initiate amendments." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008). Rather, "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Linay v. Samson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991).

The letter from plaintiffs' counsel to the Court's Case Manager on January 11, 2017 (attached as Exhibit 3), interposes two merely procedural objections to the United States' approach to this matter. First, the letter recounts the history of this case, including a prior stipulation that the United States would file an "Answer" by January 3, 2017 (Doc. No. 28), in an apparent argument that the United States has waived its right to make this jurisdictional challenge. But Rule 12 expressly provides that a party can file a second motion to dismiss where the ground for the motion was previously raised and not ruled upon, Fed. R. Civ. P. 12(g)(2), or where the motion goes to the court's subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and both of those conditions are met here. Moreover, it is axiomatic that a party cannot waive subject-matter jurisdiction (and government officers cannot waive sovereign immunity) and that it is incumbent upon the Court to raise this issue *sua sponte*, if need be, before the case can proceed. In any event, the Court has already granted the United States' motion for extension of time for

22

the purpose of filing the instant motion to dismiss, making plaintiffs' objection to the granting of that extension of time moot.

Second, plaintiffs mischaracterize the United States' request that they identify the account holder for the second account listed on the September 25, 2015 summons, and thus whether jurisdiction might exist, as a "demand for discovery." Exhibit 3. On the contrary, the request was merely intended to determine whether the facial deficiency in plaintiffs' pleading might be cured. Due to plaintiffs' refusal to cure the deficiency, this case should be dismissed for lack of standing without ever reaching the discovery stage. The United States should not be subjected to burdensome discovery in this case where the only remaining claim is jurisdictionally barred. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (if subject-matter jurisdiction is in question, a trial court should resolve that issue before allowing the suit to proceed further).

To the extent that plaintiffs are trying to portray the United States' request for the identity of the account holder as a "demand for discovery" in order to compel the United States to participate in a Rule 26(f) conference and then respond to plaintiffs' overreaching set of 107 document requests, the Court should reject the ploy. *See KNC Inv., LLC v. Lane's End Stallions, Inc.*, 581 F. App'x 484, 488-89 (6th Cir. 2014) (district court did not abuse its discretion in denying discovery prior to dismissing case for lack of jurisdiction); *U.S. ex rel. Poteet v. Medtronic,*

*Inc.*, 552 F.3d 503, 519 (6th Cir. 2009) (party "was not entitled to any discovery prior to the district court's ruling on the government's motion to dismiss the complaint for lack of jurisdiction" where "the district court did not need any evidence that was not already present in the record"). This Court should deny discovery because the identity of the account holder is information within plaintiffs' control that must be affirmatively pled to maintain a valid RFPA action; it is not a topic on which discovery is necessary. *Cf. Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (courts may allow discovery relating to jurisdictional facts that "are peculiarly within the knowledge of the opposing party").

If plaintiffs seek to use the discovery process to identify a plaintiff for their putative class action who may have a viable claim, this is improper. *See Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 160 (6th Cir. 2010) ("Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant." (quotation omitted)).

### 3.    The Third Account Listed on the September 30, 2015 Summons Is Not an Account for Which the Government Obtained Any Records and Thus It Cannot Establish RFPA Standing

Finally, the third bank account at issue, listed on the second summons dated September 30, 2015, is alleged by plaintiffs to have been held in the name of Ms. Hohman, an individual. Amended Complaint ¶ 56. While Ms. Hohman would

24

otherwise fit within the statutory definition of a "customer" under the RFPA, the claim based on her account fails for lack of standing due to the absence of any allegation in the Amended Complaint that any of her records were ever disclosed or obtained. The United States has asserted that nothing was ever obtained in response to the second summons, which was withdrawn before compliance by the bank, and plaintiffs have not disputed this assertion. *See* Doc. No. 12, brief at 6 ("The IRS never received any materials in response to the second summons.").

## V.    Conclusion

Plaintiffs' sole remaining claim in the Amended Complaint, seeking damages under the RFPA, should be dismissed for lack of subject-matter jurisdiction and/or as barred by sovereign immunity, because plaintiffs have failed to establish the necessary elements of standing by pleading that the United States obtained records for a "customer" account.

Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6064/Fax: (202) 514-5238
Edward.J.Murphy@usdoj.gov

<u>Certificate of Service</u>

I certify that on January 17, 2017, I electronically filed the foregoing

**Defendant United States of America's Motion to Dismiss for Lack of Subject-**

**Matter Jurisdiction** and **Brief in Support** with the Court. Notice of this filing

will be sent electronically via the Court's CM/ECF system to all parties registered

to receive electronic notification.

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
