UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI C. HOHMAN *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 16-cv-11429
Hon. Matthew F. Leitman

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S SECOND
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER
JURISDICTION (ECF #32)**

In September 2015, the Internal Revenue Service served two so-called "John Doe" summonses on JP Morgan Chase Bank. The Internal Revenue Code requires the IRS to obtain federal court approval before serving such summonses, but the IRS did not do so here. The summonses directed Chase Bank to deliver to the IRS records related to three accounts, which were identified only by account number. The three accounts belonged to Plaintiffs Jodi C. Hohman, JHohman LLC, and You Got Busted By Me LLC ("Busted LLC"). In this action, these three Plaintiffs and Plaintiff Terry Miller (the sole member and owner of Busted LLC) allege that the IRS's efforts to obtain their financial records through the use of the John Doe summonses violated the federal Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* (the "RFPA" or "Act"). Plaintiffs seek damages from the United States under

1

that Act. The United States contends that its sovereign immunity bars Plaintiffs' RFPA claims. For the reasons stated below, the Court agrees, and it therefore **DISMISSES** Plaintiffs' claims.

# I

## A

The Internal Revenue Code authorizes the IRS to serve administrative summonses that compel third parties to produce documents related to taxpayers who are under investigation. *See* 26 U.S.C. § 7603. The Code generally requires that these summonses identify the person whose records are sought. *See* 26 U.S.C. § 7609. But one provision of the Code, 26 U.S.C. § 7609(f) ("Section 7609(f)"), allows the IRS to serve summonses that do not identify the person whose records are sought. Summonses issued under Section 7609(f) are known as John Doe summonses.

Section 7609(f) requires the IRS to obtain approval from a federal district court before serving a John Doe summons. *See id.* A federal court may approve such a summons only if it finds that:

> (1) the [John Doe] summons relates to the investigation of a particular person or ascertainable group or class of persons;
>
> (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law; and

2

> (3) the information sought to be obtained [by the John Doe summons] is not readily available from other sources.

*Id.*

## B

This case is about two John Doe summonses that the IRS served in September 2015. First, on September 25, 2015, the IRS served on Chase Bank a John Doe summons that sought financial records for two separate accounts (the "First John Doe Summons"). (*See* Am. Compl. at ¶¶ 34, 37, ECF #36 at Pg. ID 500-01.) The accounts were identified only by account number. (*See id.*) Second, on September 30, 2015, the IRS served on Chase Bank a second John Doe summons that sought financial records for a single account (the "Second John Doe Summons"). (*See id.* at ¶¶ 53, 56, ECF #36 at Pg. ID 507-08.) Again, the account was identified only by account number. (*See id.*)

The IRS did not seek or obtain approval from a federal district court to issue either of the John Doe summonses. (*See id.* at ¶¶ 40, 78, ECF #36 at Pg. ID 502, 515.)

## C

In October 2015, Chase Bank notified Hohman and her company JHohman LLC[1] that it (Chase Bank) had received the First John Doe Summons from the IRS

---

[1] Hohman is the sole member and owner of JHohman LLC. (*See* Am. Compl. at ¶2, ECF #36 at Pg. ID 488.)

3

and that the summons sought records for accounts "relating" to them. (*Id.* at ¶34, ECF #36 at Pg. ID 500.) On November 25, 2015, Hohman and JHohman LLC filed a petition in this Court to quash the First John Doe Summons. (*See id.* at ¶50, ECF #36 at Pg. ID 506.) In their petition to quash, Hohman and JHohman LLC argued that the First John Doe Summons did not meet the requirements listed in Section 7609(f). *See* Petition to Quash, *Jodi C. Hohman et al. v. United States of America et al.*, 15-mc-51669, Docket #1 (E.D. Mich. Nov. 25, 2015).

During the proceedings on the petition to quash, the IRS produced sworn declarations from the IRS agents who had issued the First John Doe Summons (the "Declarations"). (*See* Am. Compl. at ¶51, ECF #36 at Pg. ID 506.) The IRS attached a copy of the First John Doe Summons to the Declarations. The copy was partially redacted. (*See id.* at ¶55, ECF #36 at Pg. ID 507.) It revealed the first account number listed on the summons but masked the second account number. (*See id.*)

Hohman and JHohman LLC reviewed the partially redacted First John Doe Summons and determined that the first account number on that summons belonged to JHohman LLC. (*See id.*) However, because the second account number remained redacted, Hohman and JHohman LLC were unable to determine who owned that account. (*See id.*) Their subsequent investigation led them to believe that the second account belonged either to Miller, individually, or his company, Busted LLC. (*See id.* at ¶59, ECF #36 at Pg. ID 508.)

4

The Declarations also revealed for the first time that the IRS had served the Second John Doe Summons on Chase Bank. (*See id.* at ¶53, ECF #36 at Pg. ID 507.) The IRS attached an unredacted copy of the Second John Doe Summons to the Declarations. (*See id.* at ¶54, ECF #36 at Pg. ID 507.) Hohman and JHohman LLC reviewed that summons and determined that it sought records relating to an account belonging to Hohman, individually. (*See id.* at ¶56, ECF #36 at Pg. ID 508.)

**D**

On April 20, 2016, Plaintiffs filed this civil action. Plaintiffs' only remaining claims are against the United States under the RFPA.[2] (*See* Am. Compl. at ¶75, ECF #36 at Pg. ID 514.) The RFPA "accords customers of banks and similar financial institutions certain rights to be notified of and to challenge in court administrative subpoenas of financial records in the possession of banks." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).

---

[2] Earlier in this action, Plaintiffs brought claims against the United States and two IRS employees for violations of the RFPA, the Privacy Act (5 U.S.C. § 552a), the Fourth and Fifth Amendments to the United States Constitution, and the Internal Revenue Code's prohibition of the unauthorized disclosure of tax return information. (*See* Am. Compl. at ¶66 n.2, ECF #36 at Pg. ID 511, noting Plaintiffs' prior claims.) In a written order dated November 7, 2016, this Court dismissed all of Plaintiffs' claims other than their claims against the United States under the RFPA. (*See* ECF #27.) In the November 7, 2016 Order, the Court rejected the IRS's contention that Plaintiffs' RFPA allegations failed to state a claim on which relief could be granted. (*See id.* at Pg. ID 308-313.) The Court did not address questions of sovereign immunity. (*See id.*) The IRS raised the sovereign immunity defense in its second motion to dismiss (*see* ECF #32), and the Court addresses that defense in this Opinion and Order.

Plaintiffs bring their RFPA claims under Section 3417 of the Act. That section creates a private cause of action for violations of the RFPA and waives the United States' sovereign immunity for certain claims by a "customer." It reads in relevant part:

> **(a) Liability of Agencies or Departments of United States or Financial Institutions** Any agency or department of the United States . . . obtaining or disclosing financial records or information contained therein in violation of [the RFPA] is liable *to the customer* to whom such records relate in an amount equal to the sum of—
>
> (1) $100 without regard to the volume of records involved;
> (2) any actual damages sustained by the customer as a result of the disclosure;
> (3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and
> (4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

12 U.S.C. § 3417 (emphasis added).

In Plaintiffs' claims under Section 3417, they allege that the IRS violated a separate provision of the RFPA, Section 3405, when it served the John Doe Summonses. (*See* Am. Compl. at ¶¶ 67-78, ECF #36 at Pg. ID 511-15.) Section 3405 establishes conditions that a government authority must satisfy before serving an administrative summons seeking financial records:

> A Government authority may obtain financial records . . . pursuant to an administrative subpoena or summons otherwise authorized by law only if –
>
> **(1)** there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;
>
> **(2)** a copy of the subpoena or summons has been served on the customer . . . together with [a] notice which shall state with reasonable specificity the nature of the law enforcement inquiry [and shall inform the customer of his/her right to file a motion to quash the summons in a United States District Court]; and
>
> **(3)** ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a . . . motion to quash in an appropriate court . . ..

12 U.S.C. § 3405.

The first claim under Section 3417 is on behalf of Plaintiff JHohman LLC and the "Miller Plaintiffs" (a term from the Amended Complaint that appears to include both Busted LLC and Terry Miller, individually). These Plaintiffs allege that the IRS served the First John Doe Summons – and, through that summons, obtained documents related to their accounts – without satisfying any of the conditions listed in Section 3405.[3] (*See* Am. Compl. at ¶¶ 50, 55, 77 ECF #36 at Pg. ID 506-07, 513.)

---

[3] The RFPA includes an exception for the "disclosure of financial records in accordance with procedures authorized by the [Internal Revenue Code]." 12 U.S.C. §3413. For the reasons explained in the Court's November 7, 2016 Order, this

The second claim under Section 3417 is brought by Plaintiff Jodi Hohman, individually. She alleges that the IRS served the Second John Doe Summons – which sought documents from an account in her name – without satisfying any of the conditions required under Section 3405. (*See id.* at ¶ 71, ECF #36 at 513.) Hohman does not allege that that the IRS actually obtained any documents concerning her account through the service of the Second John Doe Summons.

E

On January 17, 2017, the United States moved, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the RFPA claims for lack of subject-matter jurisdiction (the "Motion"). (*See* ECF #32.) The United States asserted, among other things, that it has sovereign immunity from Plaintiffs' claims and that this immunity deprives the Court of subject-matter jurisdiction.

The United States offered its sovereign-immunity arguments on a Plaintiff-by-Plaintiff basis. It separately explained why each of Plaintiffs could not pursue an RFPA claim. The United States' argument with respect to each Plaintiff was as follows:

1. **JHohman LLC**: The United States is immune from the RFPA claim by JHohman LLC because the immunity waiver in Section 3417 extends only to claims by "customers," as that term is defined

---

exception does not apply here because Plaintiffs allege that the IRS served the First and Second John Doe Summonses in a manner that was *not* authorized by the Code. (*See* ECF #27 at Pg. ID 307-12.)

8

by the RFPA, and a limited liability company is not a "customer" under that definition. (*See id.* at Pg. ID 350-56.)

2. **The "Miller Plaintiffs"**: The claim by the "Miller Plaintiffs" does not fall within Section 3417's sovereign immunity waiver because the term "Miller Plaintiffs" is too indefinite. More specifically, that term does not distinguish between Miller (an individual) and Busted LLC (a limited liability company). If the claim is brought on behalf of Busted LLC, it falls outside of the Section 3417 sovereign immunity waiver because (for the reasons set forth immediately above) that waiver does not apply to limited liability companies. The claim should be dismissed unless Plaintiffs confirm that it is brought on behalf of Miller, individually, and not on behalf of Busted LLC. (*See id.* at Pg. ID 356-61.)

3. **Hohman Individually**: The United States is immune from the claim by Hohman individually because the waiver of sovereign immunity in Section 3417 applies to claims that a government authority "disclosed" or "obtained" financial records in violation of the RFPA, and Hohman does not allege that the IRS actually obtained or disclosed any records related to her account. (*See* ECF #32 at Pg. ID 30-31.)

Plaintiffs responded to the Motion in two ways. First, Plaintiffs argued that the waiver of sovereign immunity in Section 3417 *does* extend to limited liability companies such as Hohman LLC and Busted LLC.

Second, Plaintiffs requested that the Court grant them jurisdictional discovery before ruling on the Motion. Specifically, Plaintiffs asked to conduct discovery that would allow them to determine who – Miller, individually, or Busted LLC – owned the account that was identified in the Amended Complaint as belonging to the "Miller Plaintiffs." Plaintiffs said that they could not make that determination

without discovery because the account number for that account was redacted on the only copy of the First John Doe Summons in Plaintiffs' possession.

The Court authorized the requested discovery, but ordered that the responses to the discovery be returned to the Court (rather than to the parties) for confidentiality reasons. (*See* April 19, 2017, Order, ECF #39.) The discovery is now complete. The Court has reviewed the responses to Plaintiffs' discovery and has determined that Busted LLC – not Miller, individually – owned the second account listed on the First John Doe Summons.[4] Thus, the claim brought by the "Miller Plaintiffs" may be brought, if at all, only by Busted, LLC.[5]

At the hearing on the Motion, Plaintiffs also requested discovery to determine whether the IRS obtained any documents in response to the Second John Doe Summons – the summons that sought documents related to an account owned by Hohman, individually. Specifically, Plaintiffs sought permission to serve a

---

[4] The discovery process authorized by the Court worked as follows. First, on April 20, 2017, the Government filed a sealed, unredacted copy of the First John Doe Summons with the Court. (*See* ECF #40.) Second, on May 1, 2017, Plaintiffs filed a sealed list of account numbers for all of the accounts at Chase Bank held in their names. (*See* ECF #41.) Third, the Court compared the second account number listed on the First John Doe Summons to Plaintiffs' list and determined that the account number belonged to Busted LLC. (*See* Unredacted John Doe Summonses, ECF #40; List of Accounts, ECF #41.)

[5] Because discovery has confirmed that the IRS obtained documents from an account belonging to Busted LLC, not to Miller individually, Plaintiffs could not allege in good faith that the IRS obtained documents from Miller's account.

subpoena on Chase Bank for all of the documents (if any) that Chase Bank provided to the IRS in response to the Second John Doe Summons. Plaintiffs argued that Chase Bank's response to the subpoena would reveal whether Chase Bank had, in fact, produced documents related to any account(s) owned by Hohman individually. The Court granted that request but instructed that Chase Bank return all responsive documents directly to the Court for confidentiality reasons. (*See* April 19, 2017 Order, ECF #39.) The Court has reviewed Chase Bank's production and determined that Chase Bank did not send the IRS documents relating to Hohman in response to the Second John Doe Summons.[6]

## II

With the Motion now fully briefed and argued and with discovery now complete, the Court is faced with the following issues for decision:

1. Does the waiver of sovereign immunity in Section 3417 extend to claims by limited liability companies such that JHohman LLC and Busted LLC may bring their RFPA claims against the United States?

2. Does the RFPA claim by Jodi Hohman, individually, fall within the waiver of sovereign immunity in Section 3417 even though the United States *did not obtain* any financial records relating to an account owned by Hohman?

The Court separately analyzes those issues below.

---

[6] Chase Bank's production to the Court did contain documents relating to Hohman LLC and Busted LLC, but did not contain any documents relating to Hohman individually.

# III

## A

Subject-matter jurisdiction "refers to a tribunal's power to hear a case." *Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. Of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009). Thus, issues of subject-matter jurisdiction "can never be forfeited or waived," and a party may challenge subject-matter jurisdiction at any time. *Id.* Where, as here, a defendant argues that allegations in a complaint are insufficient to create subject-matter jurisdiction, the Court must "take[] the allegations in the complaint as true" and dismiss the complaint if it does not set forth an adequate basis for jurisdiction. *Wayside Church v. Van Buren County*, 847 F.3d 812, 816-17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

## B

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotation marks omitted). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver. The terms

of consent to be sued may not be inferred, but must be unequivocally expressed." *U.S. v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (internal citations and quotation marks omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

For the reasons stated below, the Court concludes that it does not have subject-matter jurisdiction over Plaintiffs' RFPA claims because the claims do not fall within a waiver of the United States' sovereign immunity.

## IV

The question before the Court is whether Plaintiffs' RFPA claims fall within the waiver of sovereign immunity in Section 3417. They do not.

### A

The claims by JHohman LLC and Busted LLC do not fall within Section 3417's waiver of sovereign immunity because (1) as noted above, the waiver covers only claims by a "customer," as defined under the RFPA, and (2) limited liability companies, like JHohman LLC and Busted LLC, are not "customers."

The RFPA defines the term "customer" as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C. § 3401(5).

13

And the RFPA defines "person" as "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4).

A limited liability company is neither an individual nor a partnership of fewer than five individuals. Thus, a limited liability company is not a "person" under the RFPA, and because such a company is not a "person," it cannot be a "customer." Since Section 3417's waiver of sovereign immunity extends only to claims by a "customer," the United States is immune from RFPA claims by limited liability companies like Plaintiffs JHohman LLC and Busted LLC. *See Exchange Point LLC v. SEC*, 100 F. Supp. 2d 172, 176 (S.D.N.Y. 1999) (holding that a limited liability company could not sue under Section 3417 because it was not a "customer"); *Flatt v. U.S. SEC.*, 2010 WL 1524328, at *3 (S.D. Fla. Apr. 14, 2010) (same).

Plaintiffs resist this conclusion on two grounds. First, they argue that the Court should treat a limited liability company as a "customer" because, in many significant respects, such a company closely resembles a limited partnership that does qualify as a "customer." (*See* Pl.'s Resp. Br., ECF #35 at Pg. ID 451-52.) Plaintiffs contend, in essence, that there is no principled basis for treating a limited partnership, but not a limited liability company, as a "customer." (*See id.*) Plaintiffs add that limited liability companies did not widely exist when Congress enacted the RFPA in 1978, and Plaintiffs insist that if Congress had been aware of such

companies at that time, it would have included them in the RFPA's definition of "person" (and thereby made them "customers"). (*See id.*)

The problem for Plaintiffs is that the plain language of the RFPA does not state that a limited liability company is either a "person" or a "customer." Nor is there any ambiguity in the RFPA definitions of these two terms. The Court is simply not at liberty to expand the RFPA's unambiguous definitions of "person" and "customer" beyond their plain terms. *See Dodd v. U.S.*, 545 U.S. 353, 359 (2005) ("[Courts] are not free to rewrite a statute that Congress has enacted. 'When the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms.'" (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000)). Nor may this Court assume that Congress would have included limited liability companies within the RFPA's definitions of "person" and "customer" if it had been aware of limited liability companies at the time it enacted the RFPA. Indeed, "it is never [the Court's] job to rewrite a constitutionally valid statutory text under the banner of speculation about what Congress might have done had it faced a question that . . . it never faced." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017).

This strictly textual approach is especially warranted here because the Court is interpreting a waiver of sovereign immunity. The United States Supreme Court has "said on many occasions that a waiver of sovereign immunity must be

unequivocally expressed in the statutory text," *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (collecting cases), and must "be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192. Simply put, the Court cannot rewrite the Section 3417 waiver of sovereign immunity to add claims by entities that Congress omitted. Plaintiffs must convince Congress, not the Court, to extend the Section 3417 waiver of sovereign immunity to limited liability companies.[7]

Second, JHohman LLC and Busted LLC argue that the Court should treat them as "individuals" (and, thus, as "persons" and "customers") under the RFPA because the IRS, itself, treats single-member limited liability companies as individuals for income tax purposes. (*See* Pl.'s Resp. Br., ECF #35 at Pg. ID 453-454.) They argue that "the Government's contradictory position of treating [single-member] LLCs as [individuals] for federal tax [] purposes, but as 'corporations' for purposes of RFPA protection, provides a mechanism for the Government to do an end run around the RFPA." (*Id.* at Pg. ID 454.) But the IRS's treatment of single-member limited liability companies for tax purposes does not give the Court license to alter the plain language of the RFPA to add limited liability companies to the definition of "person" or "customer." *See Dodd*, 545 U.S. at 359.

---

[7] Congress has amended the definitions section of the RFPA five times without adding limited liability companies to the definition of "customer" or "person." *See* Pub. L. No. 101-73, §§ 744(b) and 941 (1989); Pub. L. No. 101-647, § 2596(c) (1990); Pub. L. No. 106-102, § 727(b)(1) (1999); Pub. L. No. 108-177, § 734(b) (2003); Pub L. No. 111-203, §1099(1) (2010).

In summary, a limited liability company is not a "customer" under the RFPA, and thus the RFPA claims by JHohmann LLC and Busted LLC do not fall within Section 3417's wavier of sovereign immunity. The Court therefore lacks subject-matter jurisdiction over those claims.

**B**

The RFPA claim by Hohman likewise does not fall within Section 3417's waiver of sovereign immunity. As described above, that waiver covers claims alleging that an agency or department of the United States "*obtain[ed] or disclos[ed] . . . financial records or information*" that relate to the "customer." 12 U.S.C. § 3417 (emphasis added). Hohman does not allege that the IRS actually obtained or disclosed any financial records or information from her account as a result of its issuance of the Second John Doe Summons. (*See* Am. Compl., ECF #36.) Moreover, given that Chase Bank did not produce any documents relating to Hohman in response to the Second John Doe Summons, she could not have alleged in good faith that the IRS obtained or disclosed any financial records related to that summons. Therefore, Hohman's claim does not fall within Section 3417's wavier of sovereign immunity. Because the United States has not waived its sovereign immunity for this claim, the Court lacks subject-matter jurisdiction.

# V

For the reasons stated above, Plaintiffs' claims under the RFPA – the only remaining claims in this case – are dismissed for lack of subject-matter jurisdiction. Accordingly, the Motion (ECF #32) is **GRANTED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764